Filed 4/16/14  P. v. Cisneros CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>CARLOS ARQUIMEDE CISNEROS,<br><br>　　　Defendant and Appellant. | B250671<br><br>(Los Angeles County<br>Super. Ct. No.  VA088049) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Marcelita V. Haynes, Judge.  Affirmed.

　　　Ann Krausz, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　No appearance for Respondent.

_____

On April 13, 2005, the Los Angeles County District Attorney's Office charged appellant with corporal injury to a spouse (Pen. Code, § 273.5; count 1) and criminal threats (Pen. Code, § 422; count 2). On April 13, 2005, appellant pled guilty to count 1. The official transcript of the plea hearing reflected that appellant was advised by the trial court as follows: "'If you're not a citizen, you have a right to consult with the consulate of the country you are a citizen of before entering your plea -- [I]f you're not a citizen, your plea will have the consequences of deportation, exclusion from admission, denial of naturalization, amnesty, or reentry pursuant to the laws of the United States.'" Appellant was asked if he understood those rights, and he responded, "'Yes.'" The trial court further advised appellant and his trial counsel that appellant had an immigration hold and that he was going to be deported. The court asked appellant if he understood he was going to be deported, and he answered, "'Yes.'" The minute order likewise reflected that appellant was advised of the immigration consequences of his plea.

At the sentencing hearing the same day, the trial court suspended imposition of sentence and placed appellant on five years probation on the condition that he serve 365 days in county jail. According to appellant, he was deported and subsequently reentered the United States in March 2012, whereupon he was detained by the United States Immigration and Customs Enforcement (ICE), part of the United States Department of Homeland Security (DHS). On March 28, 2012, appellant admitted he was in violation of probation for failing to report to the probation department and for not attending domestic violence counseling programs.

On June 27, 2013, appellant filed a motion to vacate his plea and/or reduce his conviction to a misdemeanor. He contended he was never advised that pleading to the corporal injury charge would have immigration consequences. He also contended that he received ineffective assistance of counsel under *Padilla v.*

*Kentucky* (2010) 559 U.S. 356 (*Padilla*), as he never was informed of other available options that lacked immigration consequences. The following day, the trial court denied the motion, finding that appellant had been informed of the immigration consequences of his plea.

On July 15, 2013, appellant prepared a writ of habeas corpus, seeking to vacate his plea. In his writ, he alleged he was being detained by DHS at the Adelanto Detention Center. Nothing indicates that this writ was filed in any court.

On August 1, 2013, appellant filed another motion to vacate his plea and/or reduce his conviction to a misdemeanor. The next day, the trial court found the motion duplicative of the prior motion, and again denied relief. The court's August 2 order also noted that appellant's sentence was final in 2005, and that the United States Supreme Court had held in *Chaidez v. United States* (2013) __ U.S. __ [133 S.Ct. 1103] (*Chaidez*), that *Padilla* was inapplicable to any case already final prior to the March 31, 2010 *Padilla* ruling.

On August 1, 2013, appellant noticed an appeal from an order or judgment entered "March 25, 2005." In an attached declaration, he alleged that he was currently detained at Adelanto Detention Center, "undergoing deportation proceedings by the Department of Homeland Security."

After examining the record, appointed appellate counsel filed a brief raising no issues, but asking this court to independently review the record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441-442. (See *Smith v. Robbins* (2000) 528 U.S. 259, 264.) On January 7, 2014, we advised appellant he had 30 days within which to submit by brief or letter any contentions or argument he wished this court to consider. On February 10, 2014, appellant filed a supplemental brief, consisting of a writ of error *coram nobis* (or *coram vobis*) to vacate his conviction and amend his plea. In his writ, appellant sought relief on the ground that he received ineffective assistance of counsel, as defense counsel

3

purportedly had failed to properly advise him of the actual immigration consequences of his plea. In an attached declaration, appellant stated that he is currently detained by ICE and housed in Adelanto, California.

As an initial matter, appellant's notice of appeal is defective, as it notices an appeal from a nonexistent order. To the extent appellant is appealing his conviction and sentence in 2005, it is untimely. However, we will exercise our discretion and construe the notice of appeal as being from the denial of appellant's June 2013 motion to vacate his conviction and amend his plea. After review, we find no error.

Appellant was advised in open court of the possible immigration consequences of his plea. He was further advised that he was subject to an immigration hold, and that he would be deported following his sentencing. After being advised, he pled guilty. On these facts, even if defense counsel failed to properly advise him, appellant was informed of the possible and actual immigration consequences of his plea. Moreover, in *Chaidez*, the United States Supreme Court held that for defendants whose convictions became final prior to March 31, 2010 (the date of the *Padilla* ruling), a lawyer's failure to advise noncitizen clients of immigration consequences of a criminal conviction does not constitute ineffective assistance of counsel under the Sixth Amendment of the federal Constitution. (*Chaidez*, *supra*, 113 S.Ct. at p. 1113.) As appellant's conviction was final in 2005, he cannot assert a claim for ineffective assistance of counsel for counsel's purported failure to inform him of the immigration consequences of his plea. In short, the trial court properly denied appellant's motion, as he failed to show a legal basis to vacate his plea and/or reduce his conviction to a misdemeanor.

As to appellant's writ of error *coram nobis*, appellant has not shown he is entitled to relief on *coram nobis*. As appellant was advised of the possible and

4

actual immigration consequences of his plea, he cannot show any new facts that would bring him within the writ. In *People v. Kim* (2009) 45 Cal.4th 1078, the California Supreme Court specifically rejected the argument that ineffective assistance of counsel in failing to investigate the immigration consequences of a plea, or failing to negotiate a different plea, constituted grounds for relief on *coram nobis*. (*Id*. at p. 1104.) Accordingly, we deny appellant's petition for writ of error *coram nobis*.

Likewise, we conclude that appellant is not entitled to relief by way of a writ of habeas corpus. Appellant alleges that he is in federal custody. The California Supreme Court has held that a defendant in federal custody may not seek to vacate his state conviction by way of a state writ of habeas corpus. (*People v. Villa* (2009) 45 Cal.4th 1063, 1075-1076.) Thus, appellant is not entitled to vacate his plea by way of a state writ of habeas corpus.

This court has examined the entire record in accordance with *People v. Wende*, *supra*, 25 Cal.3d at pages 441-442, and is satisfied appellant's attorney has fully complied with the responsibilities of counsel, and no arguable issues exist. Accordingly, we affirm the judgment of conviction.

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

MANELLA, J.

We concur:

EPSTEIN, P. J.

EDMON, J.*

_____

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.